**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00417-CR**
_____

**WHITLEY ECHUS CARDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 15-21715**

**MEMORANDUM OPINION**

A jury convicted appellant Whitley Echus Carder of indecency with a child and assessed punishment at seven years of confinement. However, the jury recommended that Carder's sentence be suspended and that Carder be placed on community supervision for ten years. In two appellate issues, Carder argues that (1) the trial court denied him due process when the judge allegedly assisted the prosecution during punishment and (2) he was denied a fair and impartial tribunal to preside over his trial. We affirm the trial court's judgment of conviction.

1

## FACTUAL BACKGROUND

The victim, L.B., testified that her mother took her to Carder's apartment to spend the night because her mother had to work. L.B. testified that she was watching a movie on the sofa, and Carder began to stroke his "private spot" after taking it out through a hole in his pajamas. According to L.B., Carder also showed her a video on his phone of "a woman sucking a man's private spot" and asked her if she wanted to do that, and she declined. L.B. explained that Carder continued to touch his private spot while she watched episodes of a television show. L.B. testified that Carder asked her to take a bath, and as she bathed, Carder sat on the toilet stroking his private spot.

Carder testified in his own defense. Carder explained that he agreed to keep L.B. overnight because her mother had to work. According to Carder, L.B. watched movies on television while he played on his cell phone. Carder testified that one of the applications on his phone had an adult section that contained an inappropriate advertisement, which L.B. saw. Carder testified that later, L.B. asked him if she could take a bath, and he stayed in the room because he "didn't know if a six-year-old [could] take a bath by themselves like that." Carder denied masturbating in front of L.B. or otherwise exposing his genitals to her, and he also denied asking her for oral sex.

Carder also testified during the punishment phase of the trial. During cross-examination, the prosecutor asked Carder, "And you still stand by that all you did was show [L.B.] that video?" Carder responded, "Yes. That's why I declined 5 years [of] probation." The following colloquy then occurred:

THE COURT:     Ma'am, did you say something?
[Prosecutor]:     I was going to; but I won't, Your Honor.
THE COURT:     Do you have an objection to make? You-all want to talk?
[Co-prosecutor]:     Can we approach, Judge?
THE COURT:     Yes, please.

(Bench Discussion Outside Hearing of the Jury)

THE COURT:     What are you-all going to do, just sit here and take it or what?
[Prosecutor]:     No.
[Co-prosecutor]:     First of all, it's nonresponsive to the question.
THE COURT:     What else?
[Co-prosecutor]:     We need to instruct the jury to disregard that. If not, since it's being rammed down his throat. He's the one that opened the door.
[Defense counsel]: What was the question?
[Prosecutor]:     That I asked him?
[Defense counsel]: Yeah, what was the question that he responded to[?]

(Judge Reading Last Question and Answer)

[Defense counsel]: Yeah, I think that's nonresponsive.
. . .
THE COURT:     Well –
[Co-prosecutor]:     But since he's opened the door –
[Prosecutor]:     I feel like he's opened the door.
THE COURT:     For what?

3

| [Prosecutor]: | That wasn't what the State's offer was. I want to go over what the offer was with him. |
|---|---|
| THE COURT: | Yeah. |

After the jury returned, the prosecutor elicited testimony from Carder that the State had offered a cap of five years in prison, not probation.

## CARDER'S ISSUES

In his first issue, Carder complains that the trial court denied him due process of law when the trial judge "assisted the State in the prosecution of the State's case on punishment[,]" and in his second issue, Carder asserts that he "was denied a fair and impartial tribunal to preside over his trial." Specifically, Carder complains that the trial judge assisted the prosecution by prompting the prosecutor to object to Carder's testimony and to elicit inadmissible testimony regarding the State's plea offer. We address issues one and two together.

At the outset, we note that Carder's counsel did not object to the complained-of comments by the trial judge during trial. To preserve a complaint for our review, a party generally must make a timely objection at trial and obtain a ruling. Tex. R. App. P. 33.1(a). Citing the plurality opinion in *Blue v. State*, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000), Carder argues that the lack of an objection by defense counsel does not waive error. In *Blue*, the trial judge commented to the jury that the defendant had attempted to enter into a plea-bargain

4

agreement with the State and that the trial court would have preferred a guilty plea. *Blue*, 41 S.W.3d at 133. The Court of Criminal Appeals upheld the general rule that a timely objection is necessary to preserve error, but held that, under the facts presented, the trial judge's comments vitiated the presumption of the defendant's innocence and therefore constituted a fundamental error, rendering an objection unnecessary.[1] *Id.* at 132-33.

Unlike *Blue*, in this case, the trial court's comments to the prosecutor did not occur in front of the jury, and we therefore conclude that because defense counsel failed to object and the alleged error was not fundamental, Carder failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a)(1); *see generally Blue*, 41 S.W.3d at 132-33. However, even if the issue had been preserved, Carder would not prevail. Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Absent a clear showing of bias, we presume that the trial court's actions were correct. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). The trial court's comments do not reflect bias or partiality. Furthermore, Carder has failed to show that the trial judge's comments negatively impacted the jury's punishment decision. *See* Tex. R. App. P. 44.2(a).

---

[1]*See Unkart v. State,* 400 S.W.3d 94, 101 (Tex. Crim. App. 2013) (concluding *Blue* has "no precedential value").

For all of these reasons, we overrule issues one and two and affirm the trial court's judgment of conviction.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 20, 2016
Opinion Delivered June 15, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.